```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
BARNET MARINE INC.,                                                 :
                              Plaintiff,                            :
                                                                    :       21-CV-5071 (VEC)
              -against-                                             :
                                                                    :       ORDER & OPINION
                                                                    :
LAUREL D SHIPPING LLC now known as LAUREL                           :
SHIPPING LLC,                                                       :
                              Defendant.                            :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2022

VALERIE CAPRONI, United States District Judge:

On July 29, 2022, the Court granted the motion for partial judgment on the pleadings made by Defendant Laurel D Shipping LLC, now known as Laurel Shipping LLC ("Laurel Shipping"). Opinion, Dkt. 57. Plaintiff Barnet Marine Inc. ("Barnet Marine") now moves for an order certifying that decision as a final judgment to enable it to appeal. Mot., Dkt. 62. For the reasons discussed below, Plaintiff's motion is DENIED.

## BACKGROUND[1]

Pursuant to a charter party dated July 9, 2020, Laurel Shipping chartered a commercial motor tanker vessel ("the Vessel") from Barnet Marine for a voyage that included a stop in Hong Kong to discharge cargo. Am. Compl., Dkt. 9 ¶ 7. On August 6, 2020, upon reaching Hong Kong, the Vessel tendered a Notice of Readiness ("NOR"), *id.* ¶ 24, and re-tendered an NOR daily until September 13, 2020, *id.* ¶ 40. During that time, the Vessel's crew was quarantined after several members tested positive for COVID-19; the Vessel was not granted *free pratique* until September 7, 2020, after all crewmembers had finally tested negative. *Id.* ¶¶ 25–27, 30–39.

---

[1] For the purpose of this motion, the Court accepts Barnet Marine's factual allegations in its Amended Complaint as true.

1

On October 20, 2020, Barnet Marine submitted a demurrage claim to Laurel Shipping for $97,500; that claim calculated demurrage based on the September 7, 2020 NOR. *Id.* ¶¶ 43–44. On January 29, 2021, Barnet Marine submitted what it characterized as an "amended demurrage" claim for $573,437.55; the amended claim calculated demurrage based on the August 6, 2020 NOR. *Id.* ¶¶ 46–47. Laurel Shipping objected to both claims. *Id.* ¶¶ 45, 50.

On June 28, 2021, Barnet Marine commenced this action, alleging a single claim of breach of contract, and moved for a maritime attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *Id.* ¶ 57; Mot. for Attach., Dkt. 7. The breach of contract claim alleged that Laurel Shipping had failed to pay demurrage as required by the charter party and was liable to Barnet Marine for either $573,437.55 (as demanded in the amended demurrage claim) or $97,500.00 (as demanded in the original demurrage claim). Am. Compl. ¶¶ 57, 58. On July 29, 2022, the Court granted Laurel Shipping's motion for partial judgment on the pleadings with respect to the amended demurrage claim and denied its motion to vacate the attachment. Opinion at 1. Barnet Marine moved to certify that order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that it may appeal, Mot., Dkt. 62; Laurel Shipping opposed the motion, Def. Opp., Dkt. 67.

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 54(b) "'is an application of, not an exception to, the statutory instruction that appeals generally must abide final decision.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting *Tolson v. United States*, 732 F.2d 998, 1000 (D.C. Cir. 1984) (Ginsburg, J.) (alteration omitted)). "Rule 54(b) authorizes

entry of a partial final judgment 'as to one or more, but fewer than all, claims or parties' only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express determination that there is no just reason for delay.'" *Id.* (quoting Fed. R. Civ. P. 54(b) (alteration omitted)). Because there is only one claim in this case, the requirements of Rule 54(b) cannot be satisfied.

## II.     Plaintiff's Rule 54(b) Motion Is Denied

The Court declines to certify the grant of partial judgment on the pleadings for appellate review because there are not multiple claims in this case.[2] Barnet Marine predicates its argument that there are separate claims, one of which has been finally determined, in part, on the Court's statement in its opinion that "the Court finds that Barnet Marine's 'amended' demurrage claim is barred by the charter party's time bar clause. Therefore, Laurel's motion for partial judgment on the pleadings with respect to that claim is granted." Pl. Mem., Dkt. 63 at 7 (quoting Opinion at 14) (alteration omitted). The Court used the term "claim" in that sentence to refer to the "claims" Barnet Marine had submitted to Laurel Shipping, not to refer to Barnet Marine's breach of contract "claim" that is pending in this court.

In evaluating a motion for Rule 54(b) certification, courts define a claim "as the aggregate of operative facts which give rise to a right enforceable in the courts." *Acumen Re Mgmt. Corp.*, 769 F.3d at 141 (internal quotation omitted). Accordingly, a district court may only certify claims for appeal pursuant to Rule 54(b) if it finds that there are multiple claims

---

[2] The second requirement of Rule 54(b), that at least one claim or the rights and liabilities of at least one party has been finally determined, has also not been met. There is a single claim against a single defendant: breach of contract. It has yet to be determined whether Defendant breached the contract and, if it did, the correct amount of damages. The only thing that has been determined is that the amended demurrage claim was not proper under the contract. Opinion, Dkt. 57 at 13.

"based upon factual and legal questions that are distinct from those questions remaining before the trial court." *Id.* (internal quotation omitted).

Barnet Marine did not bring multiple "claims" against Laurel Shipping as that term is used in Rule 54(b). It brought a single claim for breach of contract with alternative measures of damages, one of which the Court has dismissed. The breach of contract claim is based on a single set of factual allegations. According to Plaintiff, the Vessel was delayed in Hong Kong; under the charter party, the vessel was accorded 96 hours of laytime, which it exceeded; and Laurel Shipping failed to pay demurrage that was due at a rate of $15,000 per day.[3] Am. Compl. ¶¶ 8–9, 57–58; *see also Shamley v. ITT Corp.*, 869 F.2d 167, 171 (2d Cir. 1989). Notwithstanding the plain reading of the Amended Complaint, Barnet Marine argues that its Amended Complaint brings separate claims because there were separate written demands for demurrage. *See* Pl. Mem. at 3 n.1; *id.* at 7. This is a distinction without a difference. The second demand was, by Barnet Marine's own characterization, an amendment of the first. *See id.* at 3 n.1. The amended demurrage claim would, if it were contractually authorized, have given rise to an alternative damages calculation, but it does not give rise to a separate cause of action. Determining whether Barnet Marine could recover on either demand would involve the same "exhibits, proof and witnesses." *Acumen Re Mgmt. Corp.*, 769 F.3d at 142 (quoting *Gottesman v. Gen. Motors Corp.*, 401 F.2d 510, 512 (2d Cir. 1968)).

Ignoring the fact that there is a single "cause of action" alleged in the Amended Complaint, Barnet Marine further argues that certification is appropriate because each theory of damages involves different legal questions. Pl. Mem. at 7–8. This argument also fails. Courts

---

[3] In a footnote, Plaintiff appears to suggest that the Rule B maritime attachment is also a separate claim pursuant to Rule 54(b). Pl. Mem., Dkt. 63 at 3 n.1. Attachment is, of course, "a remedy, not a claim." *WAG SPV I, LLC v. Fortune Glob. Ship. & Logistics, Ltd.*, No. 19-CV-6207, 2020 WL 1489814, at *5 (S.D.N.Y. Mar. 27, 2020) (citation omitted).

"generally should not grant a Rule 54(b) certification" even where the legal questions presented in different causes of action are "closely related" but not identical. *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (internal quotation omitted). Although Barnet Marine has pled two different theories of damages based on the original demurrage demand and the amended demurrage demand, these demands form "a single claim for relief" because Barnet Marine is "permitted to recover only on one of them." *Acumen re Mgmt. Corp.*, 769 F.3d at 141 (internal quotation omitted). Plaintiff has never attempted to argue that it could recover on both its original demurrage demand and its amended demurrage demand. Rather, the premise of the Amended Complaint is that there has been a single breach of contract but that the Plaintiff has alternative theories of damages. *See* Am. Compl. ¶¶ 57–58.

In short, the single cause of action pled in Barnet Marine's Amended Complaint is a single claim with alternative ways to calculate damages. The alternative ways to calculate damages are not sufficiently distinct and separable to warrant certification of the Court's July 29, 2022, Opinion for appeal. Separate appeals on the two causes of action would involve "redundant review . . . based on the same underlying facts and similar issues of law." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify the Court's July 29, 2022, Opinion for appeal pursuant to Rule 54(b) is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 62.

By no later than **January 11, 2023**, the parties must submit a joint letter discussing (1) a proposed schedule for next steps, (2) the progress of settlement discussions, if any, and (3)

whether the parties request a referral to the court-annexed mediation program or to the assigned magistrate judge for a settlement conference.

By no later than **January 11, 2023**, Barnet Marine must submit a proposed amended attachment order, vacating the Court's order at docket entry 11 and replacing it with an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment up to the amount of $97,500.  *See* Opinion at 14.  In accordance with Rule 2(D) of the Undersigned's Individual Practices, Barnet Marine must also email a Microsoft Word version of the proposed order to CaproniNYSDChambers@nysd.uscourts.gov.

**SO ORDERED.**

Date:  December 23, 2022
       New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**